

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILMER JEROME KNIGHT,**

    Plaintiff,

v.                                                     Civil Action No. **3:10CV648**

**GENE M. JOHNSON**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### I. Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Claims

Plaintiff is incarcerated at Sussex I State Prison ("Sussex I"). He is suing Regional Director Gene Johnson, Chief Warden Loretta Kelly, Assistant Warden Woodson, Unit Manager Wallace, and Grievance Coordinator Hudson. Plaintiff complains that his confinement in administrative segregation violates his due process rights, his right to be free from cruel and unusual punishment, his right to equal protection under the laws, and federal laws generally.

Plaintiff raises four claims for relief:

Claim One    Remaining in administrative segregation for more than fifteen months constitutes cruel and unusual punishment.[1] (Compl. 6.)

Claim Two    In violation of Plaintiff's procedural due process rights,[2] "[u]nder [Plaintiff's] U.S. constitutional of right's the 14th

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV § 1.

2

Amendment's of right's to have a yearly 2010 annual review and G.C.A lower level 3 security custody review. In the month of January of every first quarter the year."³ (Compl. 7.)

Claim Three  In violation of the Equal Protection Clause,⁴ "[t]he counselor Mr. Judkins or the Unit Manager Ms. R. Wallace has never taken [Plaintiff] up for [his] 30 day's long term administrative segregation I.C.A hearing review. For the month of August 2010. Per. Divison Operating Procedure 866." (Compl. 9.)

Claim Four  Plaintiff complains that several of his rights were violated. (Compl. 11.)

### III. Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983).

#### A.   Claim One: Eighth Amendment

In Claim One, Plaintiff contends that confining him for more than fifteen months in administrative segregation violates the Eighth Amendment's protections from cruel and unusual punishment. The length of an inmate's segregation alone does not render such segregation unconstitutional. *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir. 1999) (holding that "the indefinite duration of the inmates' segregation does not render it unconstitutional," rather it is one of many factors the courts consider when conducting an Eighth Amendment inquiry (*citing Hutto v. Finney*, 437 U.S. 678, 687 (1978); *Sweet v. S.C. Dep't of Corr.*, 529 F.2d 854, 861-62 (4th Cir. 1975))).

To the extent that Plaintiff contends that his conditions of confinement violated the Eighth Amendment, he must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal

---

³ In quotations from Plaintiff's submissions, capitalization is corrected.

⁴ "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1.

offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

Plaintiff does not describe the conditions of his confinement.[5] Plaintiff fails to show how any of the conditions of his confinement amount to a serious deprivation of a basic human need. *See Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *6 (E.D. Va. Mar. 23, 2005). Moreover, Plaintiff fails to allege facts suggesting the he sustained any significant injury as a result of his conditions of confinement. *De'Lonta*, 330 F.3d at 634. Accordingly, he has not adequately pled a claim for cruel and unusual punishment. Because Plaintiff has not alleged treatment amounting to cruel and unusual punishment, it is RECOMMENDED that Claim One be DISMISSED.

### B. Claims Two and Three: Due Process

In Claims Two and Three, Plaintiff alleges various due process violations. In Claim Two, Plaintiff asserts:

> The month of January of every year is my annual review for the last year that past. For the yearly January of 2010 I was denied both the yearly annual review and the G.C.A lower level security custody review. My score points sheet was of a level security custody a 3 or 4 prison level transfer. The [Sussex I] I.C.A. Board staff member's are in fact violating some of my monthly 30 day's review's. By not given me I.C.A hearing's at all . . . .

(Br. Supp. Compl. 1-2.) In Claim Three, Plaintiff seems to suggest that he is entitled to a hearing before being transferred to a higher security classification, or that he is entitled to be housed in a lower security classification. (Br. Supp. Compl. 2-5.) Plaintiff states that "[t]he Sussex I . . . I.C.A. Board staff member's are violating the Due Process Clause of the 14th Amend. . . ." (Br. Supp. Compl. 4.) This is because Plaintiff "was not taken up for a I.C.A hearing for [his] 30 day's administrative segregation/unlawful use of unillegal solitary confinement review. For the month of August 2010." (Br. Supp. Compl. 5-6.)

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls.*

---

[5] Plaintiff does mention that he suffers from "punishment, pain, torment, suffering, mental harm and emotional injury of pain and risk of more harm." (Br. Supp. Compl. 2.) However, this allegation appears to derive from Claim Two, not Claim One. In any event, such conclusory allegations do not provide the factual support for Plaintiff's claims. *Iqbal*, 129 S. Ct. at 1949.

*v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005).

To demonstrate the existence of a state-created liberty interest, Plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *see Puranda v. Johnson*, No. 3:08cv00687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases). If the nature of the restraint the plaintiff challenges meets either prong of this threshold, he must next show that Virginia's statutory or regulatory language "'grants its inmates . . . a protected liberty interest in remaining free from that restraint.'" *Puranda*, 2009 WL 3175629, at *4 (alteration in original) (*quoting Abed v. Armstrong*, 209 F.3d 63, 66 (2d Cir. 2000)). "Because mandatory language might create a 'right' when removing an agency's discretion, Courts generally evaluate whether the statute or regulation speaks in mandatory or permissive terms in order to make this determination." *Id.*

### 1. Security Classification and GCA Evaluation

Plaintiff complains about the denial of due process in conjunction with his security classification and Good Conduct Allowance ("GCA") classification. "An inmate does not have a constitutional right to be placed in a specific security classification or facility, and custodial classifications do not create a major disruption in a prisoner's environment." *Williams v. Johnson*, No. 7:10-cv-00377, 2010 WL 3395700, at *2 (W.D. Va. Aug. 26, 2010) (*citing Sandin*, 515 U.S. at 486-87). Placement in a higher security classification or a higher security institution does not impose an atypical and significant hardship. *Id.* Furthermore, because the Virginia Code and the relevant regulations grant absolute discretion to prison officials, this Court has repeatedly concluded that Virginia "[i]nmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level." *DeBlasio v. Johnson*, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000) (*citing James v. Robinson*, 863 F. Supp. 275, 278 (E.D. Va. 1994), *aff'd*, No. 94-7136, 1994 WL 709646 (4th Cir. Dec. 22, 1994); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997)).

### 2. Segregation Or Isolation

"[T]he due process clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (*citing Wolff v. McDonnell*, 418 U.S. 539 (1974)). "When an inmate is faced with . . . solitary confinement, prison officials must (1) provide him with advance written notice of the charge against him; (2) keep a written record of the disciplinary committee's findings and the evidence relied on in convicting him; and (3) under

5

limited circumstances, offer him the right to call witnesses." *Id.* (*citing Wolff*, 418 U.S. at 559-66).

Plaintiff does not complain that any of these "minimum procedural safeguards" were breached upon his transfer into solitary confinement or administrative segregation. *Wolff*, 418 U.S. at 572 n.19. Instead, Plaintiff alleges that he is entitled to a hearing every thirty days to determine whether he should remain in segregation. In support of this claim, Plaintiff cites various Virginia Department of Corrections internal operating procedures. However, "a state's failure to abide by its own law as to *procedural* protections is not a federal due process issue." *Brown*, 938 F. Supp. at 344 (*citing Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)). The Court notes that Plaintiff only asks "to be taken up for [his] yearly, 2010 annual review and G.C.A lower level 3 security custody transfer institutional placement by law." (Compl. 15.) Even presuming that state law mandates that Plaintiff is entitled to a hearing, the Court "may not order a state to comply with state law." *Boger v. Johnson*, No. 7:10cv00194, 2010 WL 5174364, at *6 n.6 (W.D. Va. Dec. 15, 2010).

Plaintiff does not clearly identify whether he is being held in administrative segregation or isolation. The courts in the Fourth Circuit have repeatedly rejected the notion that inmates enjoy a protected liberty interest in avoiding confinement in segregation. *See United States v. Daniels*, 222 F. App'x 341, 342 n.* (4th Cir. 2007) ("Extended stays on administrative segregation . . . do not ordinarily implicate a protected liberty interest." (*citing Beverati*, 120 F.3d at 502)). However, some courts have concluded that inmates may enjoy a liberty interest in avoiding solitary confinement or isolation. *Compare Bynum v. Saunders*, No. 3:10CV28-HEH, 2010 WL 4975428, at *2 (E.D. Va. Nov. 30, 2010) (citing cases for the proposition that there is no liberty interest in avoiding placement in isolation), *with Brown*, 938 F. Supp. at 344 (*citing Wolff*, 418 U.S. at 566). Nevertheless, after *Iqbal* and *Sandin*, the simple label of solitary confinement does not sufficiently plead a plausible claim for a denial of due process. *See Iqbal*, 129 S. Ct. at 1949. Rather, a plaintiff must allege facts suggesting that his or her conditions in administrative segregation or solitary confinement render an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Stoudemire v. S.C. Dep't Corr.*, No. 8:08-03866, 2009 WL 2207819, at *4 (D.S.C. July 23, 2009). Plaintiff has not done so. Therefore, he has failed to allege a plausible claim that he has a liberty interest in avoiding placement in segregation or solitary confinement.

Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, and has not alleged that the defendants did not provide him with the requisite process, it is RECOMMENDED that Claims Two and Three be DISMISSED.[6]

---

[6] With regard to Claim Three, Plaintiff also mentions the Equal Protection Clause. (Compl. 9.) However, Plaintiff has not alleged that he was "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful

### C. Claim Four: Various Violations of Statutory Rights

In the relevant section of the complaint, Plaintiff identifies his fourth claim for relief as follows:

> The violation's of my U.S. constitutional's civil right's of law state and federal law's.
> 1. Title VI of the Civil Right's of 1964 (RLUIP)
> 2. The Civil Right's Remedie's Equalization Act of 1986 42 U.S.C. 2007 (CRREA)
> 3. Federal Practice Act 12.07 [2.5] 2d. Ed. 1997
> 4. Prison Litigation Reform Act of 1995

(Compl. 11.) Because Claim Four is no more than a list of statutes, with no factual support alleging that any defendant violated any of the statutes independent of the other stated claims for relief, it is RECOMMENDED that Claim Four be DISMISSED.

(May 31, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. On June 14, 2011 the Court received Plaintiff's objections.[7]

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to

---

discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Accordingly, to the extent that Plaintiff intended to raise an equal protection claim, such attempt fails.

[7] Plaintiff submitted his objections in a document entitled "Motion to Alter of Amend the Judgment: and A Short Statement of the Claim's to fact:". (Docket No. 12.) The Court refers to this document as Plaintiff's "Objections."

focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. PLAINTIFF'S OBJECTIONS

Plaintiff's objections do not specifically identify Plaintiff's disagreement with the Magistrate Judge's Report and Recommendation. Nevertheless, the Court summarizes Plaintiff's arguments.

| | |
|---|---|
| Objection One | Defendants violated various Virginia Department of Corrections ("VDOC") policies. |
| Objection Two | Defendants violated Plaintiff's procedural due process rights. |
| Objection Three | Defendants violated Plaintiff's Eighth Amendment rights. |

#### A. Objection One: VDOC Policy Violations

In Objection One, Plaintiff contends that the Defendants violated various VDOC policies. Plaintiff's entire argument follows:

> The Defendant's of the Sussex I State Prison I.C.A Board staff member's violated the Commonwealth of Virginia Department of Correction's polices of per. 1. D.O.P. 866.1 2. D.O.P. 821 Institutional Classification Management, to be reissued as 3.O.P 830.1 4.O.P. 050.1, Incarcerated offender record's management, and O.P. 861.3 special housing.

(Objections 3.) Plaintiff's conclusory objection is tantamount to failing to object altogether. *See, e.g., United States v. Wearing*, No. 3:04-cr-00092, 2011 WL 918343, at *2 (W.D. Va. Mar. 15,

2011) ("General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008))). Accordingly, Objection One will be OVERRULED.

### B. Objection Two: Due Process Violation

In Objection Two, Plaintiff contends that Defendants violated Plaintiff's due process rights. Plaintiff's entire argument follows:

> The Plaintiff Wilmer J. Knight procedural of due process of right's was violated by all of Defendant's had full acknowledgement of his long term administrative segregation and unlawful use of solitary confinement without I.C.A. hearing's. When an inmate has the right to a hearing, he or she also has the right to an opportunity to be present at the hearing.

(Objections 3 (citations omitted).) The Court construes this objection to complain that Plaintiff was placed in long-term administrative segregation without a hearing, or if there was a hearing, Plaintiff was not present at that hearing.

Plaintiff has not identified any error in the Magistrate Judge's reasoning. Furthermore, Plaintiff does not provide any additional facts which plausibly suggest that he was subjected to conditions in administrative segregation or solitary confinement which render an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Stoudemire v. S.C. Dep't Corr.*, No. 8:08-03866, 2009 WL 2207819, at *4 (D.S.C. July 23, 2009). Accordingly, Objection Two will be OVERRULED.

### C.  Objection Three:  Eighth Amendment Violation

In Plaintiff's third objection, he complains that Defendants violated his Eighth Amendment rights. Plaintiff's entire argument follows:

> "Deliberately indifferent to a substantial risk of serious harm to an inmate". When a defendant's conduct is shown to be motivated by malicious or evil motive or intent or when it invole's reckless or careless disregard indiffernce to an inmate's rights or safety. It is a enough to create a liberty interest. Plaintiff Wilmer J. Knight has been transfered higher level of security Red Onion State Prison the date of 4-26-2011. This is and action of retaliation and harassment. for filing this type of lawsuit on the S.I.S.P I.C.A Board staff member's.

(Objections 3 (citations omitted).)

To the extent Plaintiff raises a due process claim, such a claim fails for the reasons identified by the Magistrate Judge. It appears, however, that Plaintiff attempts to raise an Eighth Amendment claim violation by invoking the "deliberate indifference" standard. However, classifying an inmate in a higher security area of a prison, or even transferring a prisoner to a more secure prison does not violate the Eighth Amendment. *See Sims v. Woodford*, No. 10-15389, 2011 WL 1666797, at *1 (9th Cir. May 4, 2011); *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007) ("Because the mere act of classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth Amendment.'" (*quoting Hoptowit v. Ray*, 682 F.2d 1237, 1251 (9th Cir. 1982))). Accordingly, Objection Three will be OVERRULED.[8]

---

[8] The Court notes that Plaintiff makes a passing reference to retaliation for filing lawsuits. Plaintiff, however, offers no factual support to render such a claim plausible. Plaintiff, for example, has not "allege[d] a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks omitted). Nevertheless, it is apparent that the facts giving rise to such a claim accrued in April 2011, more than seven months after Plaintiff filed this action. Accordingly, the Court will take no further action on this claim. Plaintiff may file a new action concerning this claim.

## IV. CONCLUSION

Plaintiff's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Date: 9-8-11
Richmond, Virginia